CaRUTHBRS, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted for drawing a knife, resembling a bowie-knife, upon one S. T. Bacon. The first count charges that he drew it “from a place of concealment about his person * * * with intent to cut, stick, and stab one Sterling T. Baconand the second count charges that he “unlawfully, feloniously, wilfully, and maliciously did draw from a place of concealment about his person, a certain large knife, resembling a bowie-knife, for the purpose then and there of awing and intimidating one Sterling T. Bacon,” &c.
The case falls under the act of 1838, ch. 137, sec. 3. The first section of this act makes it a high misdemeanor, punishable by fin.e and imprisonment, for any one to sell, offer to sell, or give away, or bring into this State for that purpose, these deadly instruments. The second section forbids, under the same penalty, the keeping of said instruments under the clothes, or concealed about the person. The punishment, under these sections, upon conviction, is to be á fine of not less than §100, nor more than five, and imprisonment from one to sis months, under the first; 'and not less than §200, nor more than five, with imprisonment from three to six months, under the second.- / It is a matter of surprise that these sections of this act, so severe in their penalties, are so generally disregarded in our cities and towns. The safety of the citizen requires, that this law should be rigidly enforced. - •.
But the 3d section creates a felony, and is the one which, applies to this case. It provides, “ that if any person shall maliciously draw, or attempt to draw, any *500 bowie-knife, Arkansas tooth-pick, or any knife or weapon that shall in form, shape, or size resemble a bowie or Arkansas tooth-pick, from under his clothes, or any place of concealment about his person, for the purpose of sticking, cutting, awing, or intimidating any other person, such person, so drawing or attempting to draw, shall be guilty of felony.” The punishment is from three to five years in the penitentiary. And by the fourth section, it is made a felony, punishable by confinement from three to fifteen years, for cutting or stabbing with any such weapon, in a sudden rencounter, whether death ensues or not.
So, it will be seen, that the Legislature intended to abolish these most, dangerous weapons entirely from use, as unfit to be worn and used in a Christian and civilized community for any purpose, so far as severe penalties could accomplish that object. They were induced to do this on account of the savage character of the instrument and for the saving of blood.
The. possession and drawing of a bowie-knife in this case, is not denied; but the defense is, that it was. drawn for self-preservation, and therefore, not maliciously, as required by the act, to constitute the offense. On this point, the Court charged the jury “that if you believe the defendant had malice towards Bacon, and drew the knife from the place, and in the manner before stated, to awe, and intimidate Bacon, to hold him off, to awe him from approaching and attacking him, he is guilty.”
Various other minor objections are urged, but this is the main ground relied upon for a reversal.
The argument is, that this construction of the act *501 deprives the defendant of the natural right of self-defense, and such could not have been the meaning of the Legislature. The act is 'certainly a very strong one; but it Tras properly intended tb be so, in view of the great evil against which it was aimed. Daily experience shows that it has not yet-proved itself sufficient for the object intended.
We can come to no other conclusion in view of all the provisions of this statute, but that it was the fixed purpose of the Legislature to prohibit the use of this particular weapon for any purpose • it is not to be sold, given away, kept about the person, used or attempted to be drawn or used, not even upon a “ sudden ren-counter.” The right of self-defense „ is not denied, but this particular instrument is prohibited in the exercise of that right, if it be “drawn from any place of concealment about the person.” If the knife be thus drawn with malice, for the purpose of u awing or intimidating any person,” the offense is complete. That is the language and spirit of the act, as we think, and the charge does not go beyond it. If men wish to escape these severe consequences, let- them discontinue the use of these most dangerous and bloody weapons. The Legislature has proscribed' 'them, and men must disobey at their peril. This construction is inevitable, upon both the letter and spirit of the act, and if it invades the right of self-defense, the fault is not ours. The Legislature thought the evil great, and to effectually remove it, made the remedy strong. We approve their policy and maintain the act in all its vigor.
The other objections taken in this case, prompted by an unexceptionable zeal in defense, have been considered, *502 but need not be noticed in this opinion, as we do not regard them as sufficient to authorize a reversal.
We regret the fate of the defendant, but the law must be enforced against offenders for the general good.
Let the judgment be affirmed.